UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ROBBY JO GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN MUELLER, PENNINGTON COUNTY SHERIFF, individual and official capacity; LUCAS OYLER, PENNINGTON COUNTY 24-7 PROGRAM ADMINISTRATOR, individual and official capacity,<br><br>Defendants. | 5:26-CV-05044-KES<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Robby Gonzalez, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 4. Gonzalez also moves for leave to proceed in forma pauperis. Docket 1. The court screens Gonzalez's complaint under 28 U.S.C. § 1915A and issues the following order.

## I. Motion for Leave to Proceed in Forma Pauperis

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court, may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an

installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Gonzalez's certified prisoner trust account report shows an average monthly deposit of $0.00 and an average monthly balance of $0.00. Docket 2. Based on this information, the court grants Gonzalez's motion for leave to proceed in forma pauperis (Docket 1) and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Gonzalez must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the

> prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Gonzalez's institution. Gonzalez remains responsible for the entire $350 filing fee as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II. 1915A Screening

### A. Factual Background

Gonzalez sues Sheriff Brian Mueller and the 24-7 Program Administrator Lucas Oyler, in both their individual and official capacities. Docket 4 at 2. He brings claims against both defendants for violating his Fourteenth and Fourth Amendment rights.[1] *Id.* at 2, 4. Gonzalez seeks monetary relief. *Id.* at 5.

Gonzalez claims he was "put[] in jail because [he] didn't have money for [his] 24-7 fees." *Id.* at 4. The complaint states both Mueller and Oyler acted under color of state law by placing Gonzalez "in jail for not having money for 24-7 program." *Id.* at 2. As a result of his incarceration, Gonzalez lost his job and his car. *Id.* at 4.

### B. Legal Background

A court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. *Est. of Rosenberg v. Crandell*, 56 F.3d 35,

---

[1] As the court understands his complaint, Gonzalez is alleging a Fourteenth Amendment violation of his due process rights and a violation of his Fourth Amendment right to be free from illegal search and seizure.

36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2)

seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This court will now assess Gonzalez's claims under 28 U.S.C. § 1915A.

## C. Legal Analysis

### 1. Fourth Amendment

The Fourth Amendment requires an arrest to be supported by probable cause and protects against unreasonable seizures. U.S. Const. amend. IV; *Walker v. City of Pine Bluff*, 414 F.3d 989, 992 (8th Cir. 2005). A seizure of a person can take the form of a show of authority that in some way restrains the liberty of the person. *Torres v. Madrid*, 592 U.S. 306, 311 (2021) (citation omitted). This plainly refers to an arrest. *Id.* at 312.

#### a. Individual Capacity Claims

Gonzalez sues both Mueller and Oyler in their individual capacities for monetary relief due to his alleged unconstitutional imprisonment. Docket 4 at 2. He alleges that he has been "put in jail because of not having money." *Id.* at 4. Gonzalez has not identified the precise constitutional violation, but the court interprets the complaint to allege a Fourth Amendment claim. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("[T]he district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

Section 1983 provides a cause of action against any "person" who, acting "under color of" state law, deprives the plaintiff of "rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Individual capacity

suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "[T]he plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' " like the plaintiff must in an official capacity suit. *Id.* (citation omitted). Gonzalez's individual capacity claims must allege that Oyler and Mueller either directly participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor. *See Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

Gonzalez is presumably alleging an improper seizure based on his arrest when he was unable to pay the fees required for the 24-7 Program. *See* Docket 4 at 4. Gonzalez claims Oyler and Mueller were personally involved in putting him in jail. *Id.* Gonzalez does not challenge whether his arrest was supported by probable cause, but the court can infer that Gonzalez believes his arrest was unreasonable. At this time the court cannot say that Gonzalez's Fourth Amendment claims against defendants are wholly without merit, thus these claims survive § 1915A review.

**b. Official Capacity Claims**

Gonzalez sues Administrator Oyler and Sheriff Mueller in their official capacities seeking monetary relief. Docket 4 at 2. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, Gonzalez's official capacity claims against

defendants are construed as claims against Pennington County itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); Docket 4 at 2.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county "can only be held liable for the unconstitutional acts of its employees under § 1983 'when those acts implement or execute an unconstitutional policy or custom of the [political] subdivision.' " *Marquez v. Peterson*, 5:24-CV-05041-KES, 2025 WL 815208, at *4 (D.S.D. Mar. 13, 2025) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983). But the complaint need not "specifically plead the existence of an unconstitutional policy[.]" *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). Rather, the complaint must include some language that would support the existence of an unconstitutional policy. *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Gonzalez's statements give rise to an inference that the 24-7 Program's requirements, enforced by Oyler and Mueller as county employees, could have caused an unreasonable seizure of Gonzalez when he lacked funds for the program. Even though Gonzalez has not specifically pleaded an unconstitutional policy, the 24-7 Program operates as a governmental practice. Gonzalez claims Oyler and Mueller incarcerated Gonzalez according to the 24-7

Program's funds requirement. Docket 4 at 2, 4. Thus, the court finds Gonzalez's Fourth Amendment claims against Oyler and Mueller in their official capacities survive § 1915A screening.

**2. Fourteenth Amendment**

"[A] § 1983 procedural due process claim turns on (1) whether the state actor's decision impacted a protected liberty or property interest, and if so, (2) what process was constitutionally 'due.' " *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976)). "[T]o prevail on a Fourteenth Amendment due process claim, [a plaintiff] must first demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003) (citations omitted). "Protected liberty interests may arise from two sources—the Due Process Clause itself and the laws of the States." *Persechini v. Callaway*, 651 F.3d 802, 806 (8th Cir. 2011) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "A liberty interest inherent in the Due Process Clause arises when a person has substantial, albeit conditional, freedom such as when he is on probation or parole." *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996) (citation omitted).

**a. Individual Capacity Claims**

Gonzalez has not explicitly referenced the Fourteenth Amendment but the court construes Gonzalez's pleaded facts as alleging a due process violation. *See Stone*, 364 F.3d at 915. Gonzalez states Administrator Oyler and Sheriff Mueller "placed [him] in jail[,]" which deprived Gonzalez of his liberty

because he was incarcerated. Docket 4 at 2, 4. The complaint does not explain the state's process afforded to Gonzalez prior to his incarceration. *See generally* Docket 4. Gonzalez "would like to have justice served" including monetary relief for his "court costs and filing fees" as well as "monetary gains for [his] pain and suffering." *Id.* at 5. Although Gonzalez's claims are underdeveloped, this court cannot conclude at this stage that Gonzalez's Fourteenth Amendment claims are wholly without merit due to Mueller and Oyler's direct involvement in the deprivation of Gonzalez's liberty through incarceration for failure to pay the 24-7 Program fees. Thus, Gonzalez's Fourteenth Amendment claims against both Mueller and Oyler in their individual capacities for money damages survive § 1915A screening.

**b. Official Capacity Claims**

Gonzalez alleges that defendants were executing Pennington County's 24-7 Program that deprived him of his civil rights, job, and car. Docket 4 at 4-5. Also, Gonzalez states Oyler and Mueller took part in arresting him due to his lack of funds for the 24-7 Program. *Id.* at 3-4. The program that resulted in an alleged constitutional violation suffices to establish a "persistent pattern of unconstitutional misconduct" by the defendants. *Sorcan v. Rock Ridge Sch. Dist.*, 131 F.4th 646, 651 (8th Cir. 2025). Because Gonzalez has alleged facts that support a claim that Pennington County has executed a program resulting in alleged due process violations and that defendants were personally involved in enforcing this program's requirements, his official capacity claims against Oyler and Mueller survive § 1915A screening.

## III. Conclusion

Thus, it is ORDERED:

1. That Gonzalez's motion for leave to proceed in forma pauperis (Docket 1) is granted.
2. That the Clerk of Court will send a copy of this order to the appropriate financial official at Gonzalez's institution.
3. That the institution having custody of Gonzalez is directed that whenever the amount in Gonzalez's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Gonzalez's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.
4. That Gonzalez's Fourth Amendment and Fourteenth Amendment due process claims against Sheriff Mueller and Administrator Oyler, in their individual capacities, for money damages survive § 1915A screening.
5. That Gonzalez's Fourth Amendment and Fourteenth Amendment due process claims against Sheriff Mueller and Administrator Oyler, in their official capacities, survive § 1915A screening.
6. That the Clerk of Court shall send blank summons forms and Marshal Service Forms (Form USM-285) to Gonzalez so that he may cause the complaint to be served upon Oyler and Mueller.

7. That Gonzalez shall complete and send the Clerk of Court a separate summons and USM-285 form for defendants Mueller and Oyler within 30 days of the date of this order. Failure to do so may result in the dismissal of Gonzalez's complaint without prejudice for failure to prosecute.

8. That the United States Marshal Service shall serve the completed summons, together with a copy of the complaint (Docket 4) and this order upon defendants Mueller and Oyler.

9. That defendants Mueller and Oyler will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3).

10. That Gonzalez will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated October 13, 2026

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE